**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TEJAS VISHNUBHAI PAREKH, | |
| Petitioner, | CIVIL ACTION NO. 3:26-CV-01375 |
| v. | (MEHALCHICK, J.) |
| WARDEN, PIKE COUNTY CORRECTIONAL FACILITY, | |
| Respondent. | |

**<u>MEMORANDUM</u>**

Petitioner, Tejas Vishnubhai Parekh ("Parekh") brings this petition for writ of habeas

corpus. (Doc. 1). On May 19, 2026, Parekh filed the instant petition, requesting that

Respondent Warden, Pike County Correctional Facility[1] release him from custody at the Pike

County Correctional Facility in Lords Valley Pennsylvania. (Doc. 1, at 8). On May 21, 2026,

the Court issued an order to show cause, ordering Lowe to respond to Parekh's petition and

to not transfer Parekh without further order of the Court. (Doc. 4). On May 28, 2026, Lowe

filed a response to Parekh's petition. (Doc. 7). Parekh did not file a timely traverse. On June

---

[1] Pursuant to the "immediate custodian rule," the proper respondent in this case is Craig A. Lowe ("Lowe"), Warden of Pike County Correctional Facility. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) ("if a § 2241 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). However, the government will be bound by the Court's judgment because Lowe is acting as an agent of the federal government by detaining Parekh on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7314, 2018 WL 10602037, at *9-*10 (S.D.N.Y. Sep. 28, 2018) (finding the warden acts as an agent of the ICE regional director when ICE makes initial custody determinations including setting of a bond and review of conditions of release); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, 3:25-cv-01896, 2025 WL 3522932, at *8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (finding same).

5, 2026, Lowe filed an emergency motion to rescind the Court's no transfer order. (Doc. 10; Doc. 11). For the following reasons, Parekh's petition (Doc. 1) is **DENIED** and Lowe's emergency motion to rescind the Court's no transfer order (Doc. 10) is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Parekh's petition, Lowe's response, and the exhibits thereto. (Doc. 1; Doc. 7). Parekh is a citizen of India, who was admitted to the United States on or about November 22, 2017, after marrying a United States citizen. (Doc. 1, at 5; Doc. 7, at 2). On March 30, 2020, United States Citizenship and Immigration Services adjudicated a claim of marriage fraud against Parekh and his wife, determining that Parekh and his wife never resided together at their claimed marital address and that Parekh's wife was in a relationship with another man, who she had a child with while married to Parekh. (Doc. 7, at 3). On January 12, 2026, Parekh pled guilty to criminal attempt theft by deception in the Luzerne County Court of Common Pleas. (Doc. 7, at 3). On February 25, 2026, ICE took Parekh into custody and served him with a notice to appear, which charged Parekh as removable for his failure to report a change of address to the Department of Homeland Security, marriage fraud, and aggravated felony conviction. (Doc. 7, at 3-4). On April 20, 2026, an immigration judge ordered Parekh removed to India. (Doc. 7, at 4). Parekh has been in immigration detention for fifty-one days since receiving a final order of removal. (Doc. 7, at 4).

## II.    LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or

decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 400 (D.N.J. 2025) (finding petitioner's continued detention without reasonably imminent removal is unreasonable and ordering release).

## III.    JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1),

3

(3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR"). However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil*, 164 F.4th at 277-79 (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil,* 164 F.4th at 278-79 (finding that length of confinement claim "does not get channeled into the PFR review process"). Thus, the Court retains jurisdiction over the legal question of whether Parekh's detention after his order of removal became final has become

unconstitutionally prolonged and unrelated to the purpose of removal. *Jennings*, 583 U.S. at 294; *Kahlil*, 164 F.4th at 274-79; *Zadvydas*, 533 U.S. at 688.[2]

## IV.  DISCUSSION

Parekh contends that ICE's detention of him without a clear basis is unlawful because he entered the United States lawfully via the CBP One process and had lawful permanent resident status in the United States. (Doc. 1, at 5). Lowe counters that Parekh's request for relief is premature because his detention under 8 U.S.C. § 1231 has not become unreasonable. (Doc. 7, at 10). Lowe avers that Parekh is also subject to mandatory detention under 8 U.S.C. § 1226(c) because of Parekh's marriage fraud and felony conviction. (Doc. 7, at 13-14). Lowe further submits that the Court lacks the authority to direct him to not transfer Parekh, and as such, the Court's do not transfer order (Doc. 4) should be lifted. (Doc. 7, at 16). In Lowe's emergency motion, he reasserts that the Court's do not transfer order (Doc. 4) should be lifted because ICE counsel advised that Parekh will be removed to India on or about June 25, 2026. (Doc. 10; Doc. 11, at 3; Doc. 11-2, at 2).

Section 1231 of the INA provides for the detention of noncitizens with final orders of removal. 8 U.S.C. § 1231. Pursuant to 8 U.S.C. § 1231, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Noncitizens convicted of certain criminal offenses and noncitizens whom the Attorney

---

[2] Parekh's petition is focused on his immigration detention without a clear basis. (Doc. 1, at 6). However, to the extent Parekh requests to remain in the United States, the Court does not have jurisdiction to review Parekh's order of removal. (Doc. 1, at 5). 8 U.S.C. § 1252(b)(9) and § 1252(g) strip district courts of jurisdiction to review claims arising from removal actions or proceedings. *Kahlil*, 164 F.4th at 273-74. Parekh's request to remain in the United States is directly related to his removal proceedings, which can be properly reviewed on appeal to the Board of Immigration Appeals or with a PFR to the Third Circuit. *Kahlil*, 164 F.4th at 273-74.

General finds to be a risk to the community or unlikely to comply with an order of removal may be detained beyond the ninety-day removal period. 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001), the Supreme Court found that indefinite detention of a noncitizen with a final order of removal violates the Due Process Clause of the Fifth Amendment, and that detention of a noncitizen with a final order of removal must be limited with a definite endpoint. The Supreme Court determined that to discern whether such post-order of removal detention comports with the Due Process Clause of the Fifth Amendment, habeas courts must ask whether the detention "exceeds a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699. The Supreme Court found that detention post-order of removal is presumed reasonable for a period under six months. *Zadvydas*, 533 U.S. at 701. After the presumptively reasonable six-month period runs and the detained noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. As the period of confinement grows, what counts as reasonably foreseeable future conversely shrinks. *Zadvydas*, 533 U.S. at 701. If removal is ultimately not reasonably foreseeable, habeas courts should hold continued detention unreasonable and order release. *Zadvydas*, 533 U.S. at 699-700.

Parekh has only been detained under 8 U.S.C. § 1231 for fifty-one days, while the government has attempted to facilitate his removal to India. (Doc. 7, at 4). Accordingly, Parekh's ninety-day removal period has not yet run. *See* 8 U.S.C. § 1231. Even if Parekh's ninety-day removal period and presumptively reasonable six-month period of § 1231 detention had run, with the government's designation of Parekh on a June 25, 2026 removal

flight, it is inarguable that there is a significant likelihood of Parekh's removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 699-700. As Parekh's fifty-one days of detention under § 1231 have not exceeded a period reasonably necessary to secure removal and Lowe has demonstrated that Parekh's removal is imminent, Parekh's detention does not violate the due process. *See Zadvydas*, 533 U.S. at 699. Accordingly, Parekh's petition for writ of habeas corpus is **DENIED**. (Doc. 1).

V.    CONCLUSION

For the foregoing reasons, Parekh's petition for writ of habeas corpus is **DENIED**. (Doc. 1). With the habeas action resolved, Lowe's emergency motion to rescind the no transfer order is **GRANTED**. (Doc. 10). The Court rescinds paragraph seven of its May 21, 2026 order, which directed Lowe to not transfer Parekh. (Doc. 4, at 2). The Clerk of Court is directed to close this matter.

An appropriate Order follows.

BY THE COURT:

Dated: June 11, 2026

*/s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**